IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEROME JACKSON, #70684                                                              PETITIONER

VERSUS                                              CIVIL ACTION NO. 2:11-cv-105-KS-MTP

CHRISTOPHER EPPS                                                                    RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On May 4, 2011, Petitioner Jackson, an inmate of the Mississippi Department of Corrections (MDOC), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On May 25, 2011, Petitioner filed a response [4] regarding the exhaustion of his state court remedies as directed by the Court. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

### Background

Petitioner pled guilty to and was convicted of possession of cocaine with intent to distribute in the Circuit Court of Forrest County, Mississippi, on February 18, 2010. As a result, Petitioner was sentenced to serve eight years in the custody of the Mississippi Department of Corrections. Petitioner argues that MDOC has incorrectly deemed him ineligible for parole consideration based on a criminal conviction from the State of Georgia. Petitioner presented his claims to the MDOC Administrative Remedy Program, but he was denied relief on March 9, 2011. *See* Attach. [1-2] at p. 3. Petitioner is requesting "a parole date or a sentence reduction" as relief in this case. Pet. [1] at p.15.

An order [3] was entered directing Petitioner to file an amended petition to specifically state if he has filed (1) an appeal of his administrative remedy final response with the state courts or (2) any other "petitions, applications or motions with respect to his claim that MDOC has incorrectly deemed him ineligible for parole consideration in any court, state or federal" and Petitioner was directed to provide certain information about any filings. Petitioner filed his response [4], wherein he states that he has not filed an appeal of his administrative remedy final response with the state courts nor has he filed any other actions with the courts regarding the claims presented in this petition.

## Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

There is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss.Code Ann. § 47-5-807 (Rev. 2004); *Griffin v. Epps*, 2010-CP-00087-COA, 2011 WL 880012 (Miss.Ct.App. Mar. 15, 2011)(inmate appealed MDOC's denial of administrative remedy regarding eligibility for parole consideration); *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss.Ct.App. 2010)(inmate appealed MDOC's denial of administrative remedy regarding earned time credit); *Stokes v. State,* 984 So.2d 1089 (Miss.Ct.App. 2008)(inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state

remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the 3rd day of June, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE